**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ELMER JOE SWAFFAR**                                               **PLAINTIFF**

**VS.**          **CASE NO.: 4:09-CV-0462 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.**                **DEFENDANT**

**ORDER**

Defendant David H. Arrington Oil ("Arrington") moves for summary judgment (Doc. No. 27), and plaintiff Elmer Joe Swaffar objects (Doc. No. 30). For the reasons set forth below, Arrington's motion is granted in part and denied in part.

I. FACTS

The following facts are undisputed unless indicated otherwise. On April 5, 2006, Mike Bennett, an independent landman under contract with Arrington, prepared and delivered an Oil and Gas Lease (the "Lease") to Swaffar. Plaintiff's response to defendant's statement of undisputed material facts ("Pltf.'s stmt. of facts") (Doc. No. 32), ¶ 4. The Lease has been misplaced by both parties and is not in the record, but both parties agree that the Lease was executed on April 5, 2006. Defendant's statement of undisputed material facts ("Deft.'s stmt. of facts") (Doc. No. 29), ¶ 5; Pltf.'s stmt of facts, ¶ 5.

A bank draft also dated April 5, 2006, (the "Draft") in the amount of $1,227,644 was paid to the order of Elmer Joe Swaffar. The draft provided, in part:

> On approval of lease or mineral deed described hereon, and on approval of title to same by drawee not later than 45 banking days after arrival of this draft at Collecting bank.
> . . .

> This draft is drawn to pay for Oil and Gas Lease, dated April 5th, 2006 and covering 2232.08 acres, more or less, being a tract of land in Section Township N Range E, Faulkner County, Arkansas.
>
> The drawer, payee and endorsers hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the first time above specified subject alone to acceptance of payment hereof by drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said grantors, to recall or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.
>
> In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.

Draft attached at Exhibit 1 to Deft.'s stmt. of facts. The draft does not specifically identify Swaffar's land, and Arrington maintains it did not have sufficient information at the time to provide a legal description of Swaffar's land. Deft.'s stmt. of facts, ¶ 4. Swaffar disagrees, and argues that the misplaced Lease contained an identification of the property by section, township, and range. Pltf.'s stmt. of facts, ¶ 4. The "drawee" on the Draft is "David H. Arrington Oil & Gas, Inc." and the "collecting bank is "Western National Bank - Oil & Gas Collection Department" in Midland, Texas.

Swaffar presented the draft at The National Bank of Arkansas on April 6, 2006, the day after it was executed. Collection check attached at Exhibit 2 to Deft.'s stmt. of facts, 2. Western National Bank received the draft on April 10, 2006, and it was returned unpaid on May 10, 2006. Collection Letter attached at Exhibit 2 to Deft.'s stmt. of facts, 2. "Title failure" is handwritten on the receipt that indicates the draft was unpaid. *Id*.

Swaffar filed his complaint on June 24, 2009, claiming Arrington breached the lease when it did not honor the draft. He also brings claims for fraud, unjust enrichment, promissory estoppel, and punitive damages. Arrington moves for summary judgment, arguing that: (1) the statute of frauds dictates Swaffar's claims should be dismissed; (2) no contract was formed between the parties because several conditions precedent were not met; (3) Arrington engaged in a good faith title examination that revealed Swaffar's tax sale deeds were void and unenforceable, so it disapproved title and dishonored the draft, as the Draft allows; and (4) Swaffar's fraud allegations have no basis. Swaffar objects to the motion for summary judgment, and maintains that the parties entered into a valid contract, he holds the mineral interests with clear title, and his fraud claims should be sent to a jury.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Christoffersen v. Yellow Book U.S.A.,* 536 F.3d 947, 949 (8th Cir. 2008)(citing Fed. R. Civ.56; Pope v. ESA Servs., Inc., 406 F.3d 1001, 1006 (8th Cir. 2005))

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is not required to

support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Further, "[t]he nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell,* 497 F.3d 822, 825 (8th Cir. 2007)(international citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1985). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine . . ." *RSBI Aerospace, Inc., v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir.

1995). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

### III. DISCUSSION

A. <u>Statute of Frauds</u>

Swaffar's claims are not barred by the statute of frauds. The Arkansas statute of frauds is codified in Arkansas Code Annotated Section 4-59-101 (Repl. 2001) and provides that no actions may be brought to enforce a contract for the sale of an interest in land if the term of the contract is longer than a year, unless the contract is in writing and signed by the parties. It is undisputed that the parties executed the Lease and Swaffar delivered a signed copy to Arrington's office. It is also undisputed that Arrington issued a draft to Swaffar for the Lease for 2232.08 acres of mineral interests for $1,227,644. Although Arrington argues that the statute of frauds is not satisfied because there is nothing in the record to sufficiently identify the property at issue, Swaffar testified in his deposition that the lost Lease contained a specific description of the land at issue. Deposition of Elmer J. Swaffar attached at Exhibit A to Plaintiff's response to defendant's motion ("Pltf.'s resp.") (Doc. No. 30), 31.

Finally, Arrington states that it denied the draft because there were problems with the title to the property. To perform a good faith title search to determine whether to pay the draft, Arrington had to have sufficient information about the property in which to perform the title search. That information would have come from the information contained in the Lease.

Although Swaffar's claims are not barred by the statute of frauds, this does not mean that Swaffar can prove his case at trial. Simply having sufficient evidence to overcome summary judgment will not carry the day at trial because Swaffar will have to prove the contents of the Lease.

B.   Contract Formation

Pursuant to the analysis set forth in *Whistle v. David H. Arrington Oil*, Case No. 2:08-CV-00037-BSM (June 1, 2009) (Doc. No. 48), the draft placed only one condition precedent to the formation of a binding contract, and that is title approval by Arrington. Although Arrington maintains additional conditions precedent existed, that argument fails in light of *Whistle*. If Arrington disapproved of Swaffar's title in good faith, then no contract was formed. While it was undisputed that the *Whistle* plaintiffs held clear title, it is disputed whether Swaffar holds clear title. Therefore, whether Arrington acted in good faith when it disapproved Swaffar's title is an issue for trial.

C.   Swaffar's Title

Arrington maintains that, as a matter of law, Swaffar did not hold good title to the land because his ownership claim is based on tax sale deeds relating to tax forfeitures of severed mineral rights. The marketability of Swaffar's title is, however, not the key issue. The issue is whether Arrington acted in good faith when it disapproved of Swaffar's title. *See Trenthem v. David H. Arrington Oil & Gas, Inc.* (Case No. 1:09-CV-00017-JLH) (Doc. No. 36). There is a genuine issue of material fact in dispute as to whether Arrington acted in

good faith when it disapproved of Swaffar's title. Therefore, summary judgment is inappropriate on this issue..

D.      Fraud and Constructive Fraud allegations

Pursuant to the reasoning set forth in *Whistle*, a genuine issue of material fact remains as to whether the actions and statements of Arrington were fraudulent. Summary judgment is thus denied on these claims.

E.      Unjust Enrichment and Promissory Estoppel

Swaffar fails to respond to Arrington's motion for summary judgment on his unjust enrichment and promissory estoppel claims. Therefore summary judgment is granted in favor of Arrington and Swaffar's unjust enrichment and promissory estoppel claims are dismissed with prejudice.

## IV. CONCLUSION

Accordingly, Arrington's motion for summary judgment (Doc. No. 27) is granted in part and denied in part. Swaffar's claims for unjust enrichment and promissory estoppel are dismissed.

IT IS SO ORDERED THIS 6th day of August, 2010.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE