**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ELMER JOE SWAFFAR**                                                **PLAINTIFF**

v.                       **CASE NO. 4:09CV00462 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.**                **DEFENDANT**

**ORDER**

Defendant David H. Arrington Oil & Gas, Inc. ("Arrington") moves for summary judgment [Doc. No. 40], seeking dismissal of plaintiff Elmer Joe Swaffar's remaining claims. Swaffar objects [Doc. No. 44] and Arrington has replied. [Doc. No. 48]. For the reasons set forth below, Arrington's motion is granted.

I. FACTS

The following facts are undisputed unless indicated otherwise. On April 5, 2006, Mike Bennett, an independent landman under contract with Arrington, prepared and delivered an Oil and Gas Lease (the "Lease") to Swaffar. Plaintiff's response to defendant's statement of undisputed material facts ("Pltf.'s stmt. of facts") [Doc. No. 32], ¶ 4. The Lease has been misplaced by both parties and is not in the record, but both parties agree that the Lease was executed on April 5, 2006. Defendant's statement of undisputed material facts ("Deft.'s stmt. of facts") [Doc. No. 29], ¶ 5; Pltf.'s stmt.of facts, ¶ 5.

A bank draft also dated April 5, 2006, (the "Draft") in the amount of $1,227,644 was paid to the order of Elmer Joe Swaffar. The draft provided, in part:

> On approval of lease or mineral deed described hereon, and on approval of title
> to same by drawee not later than 45 banking days after arrival of this draft at

> Collecting bank.
> . . .
> This draft is drawn to pay for Oil and Gas Lease, dated April 5th, 2006, and covering 2232.08 acres, more or less, being a tract of land in Section Township N Range E, Faulkner County, Arkansas.
>
> The drawer, payee and endorsers hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the first time above specified subject alone to acceptance of payment hereof by drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said grantors, to recall or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.
>
> In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.

Draft attached at Exhibit 1 to Deft.'s stmt. of facts. The draft does not specifically identify Swaffar's land, and Arrington maintains it did not have sufficient information at the time to provide a legal description of Swaffar's land. Deft.'s stmt. of facts, ¶ 4. Swaffar disagrees, and argues that the misplaced Lease contained an identification of the property by section, township, and range. Pltf.'s stmt. of facts, ¶ 4. The "drawee" on the Draft is "David H. Arrington Oil & Gas, Inc." and the "collecting bank" is "Western National Bank—Oil & Gas Collection Department" in Midland, Texas.

Swaffar presented the draft at The National Bank of Arkansas on April 6, 2006, the day after it was executed. Collection check attached at Exhibit 2 to Deft.'s stmt. of facts, at 2. Western National Bank received the draft on April 10, 2006, and it was returned unpaid on May 10, 2006. *Id.* "Title failure" is handwritten on the receipt that indicates the draft was

unpaid. *Id.*

Swaffar's amended and substituted complaint was filed on July 31, 2009. The first count of the complaint alleges Arrington breached the Lease when it did not honor the draft, or, that in the alternative, Arrington should be held liable under principles of unjust enrichment or promissory estoppel. The second count of the complaint alleges that Arrington's refusal to pay the draft constituted constructive fraud. On August 6, 2010, summary judgment was granted in favor of Arrington as to the unjust enrichment and promissory estoppel claims, but denied as to the breach of contract and constructive fraud claims. Having completed discovery, Arrington again moves for summary judgment, arguing that: (1) Swaffar's contract claim is barred by the statute of frauds; (2) Arrington dishonored the draft in good faith after engaging in a good faith title examination that revealed Swaffar's tax sale deeds were void and unenforceable, (3) no contract was formed between the parties because certain conditions precedent were not fulfilled; and (4) Swaffar's fraud claim is time-barred. Swaffar objects, maintaining that the parties entered into a valid contract, that he holds the mineral interests with clear title, and that genuine issues of material fact remain as to whether Arrington disapproved Swaffar's title in good faith.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Christoffersen*

*v. Yellow Book U.S.A.*, 536 F.3d 947, 949 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a nonmoving party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Further, "[t]he nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (international citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine . . ." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### III. DISCUSSION

A.   Statute of Frauds

Summary judgment on the statute of frauds is denied. Section 4-59-101 of the Arkansas Code provides that no actions may be brought to enforce a contract for the sale of an interest in land if the term of the contract is longer than a year, unless the contract is in writing and signed by the parties. It is undisputed that the parties executed the Lease and Swaffar delivered a signed copy to Arrington's office. It is also undisputed that Arrington issued a draft to Swaffar for the Lease for 2232.08 acres of mineral interests for $1,227,644. Although Arrington argues that the statute of frauds is not satisfied because there is nothing in the record to sufficiently identify the property at issue, Swaffar testified in his deposition that the lost Lease contained specific descriptions of his mineral interests. Deposition of Elmer J. Swaffar attached at Exhibit A to Plaintiff's response to defendant's motion ("Pltf.'s

resp.") [Doc. No. 30], at 31. Moreover, Arrington had to have sufficient legal descriptions to perform the title search, which would have to come from the information contained in the Lease. Therefore, because the parties do not dispute that a written contract once existed, it is inappropriate to grant summary judgment based on the statute of frauds.

B.   Contract Formation

Pursuant to the analysis set forth in *Whistle v. David H. Arrington Oil & Gas, Inc.*, Case No. 2:08-CV-00037-BSM, 2009 WL 1529819, at *8  (E.D. Ark. June 1, 2009) [Doc. No. 48], the draft placed only one condition precedent to the formation of a binding contract, and that is title approval by Arrington. Although Arrington maintains additional conditions precedent existed, that argument fails in light of *Whistle*. If Arrington disapproved of Swaffar's title in good faith, then no contract was formed.

Arrington advances the following sworn testimony regarding its decision to dishonor Swaffar's draft. First, that all discussions with Swaffar prior to Arrington's offer to lease were based solely on electronic access to county assessment records. Houghtling Aff. ¶ 5. Second, that the assessor's records were used only to identify which of Swaffar's interests were appealing to Arrington. *Id.* Third, that following Swaffar's execution of the Lease, Arrington engaged in a title examination with the assistance of its attorney, Larry Graddy. *Id.* at ¶ 8. Fourth, that Graddy advised Arrington not to approve Swaffar's draft because Swaffar generally acquired his title from pre-1985 tax sale deeds of severed mineral interests, which are void under Arkansas's subjoinder doctrine. Graddy Aff. ¶¶ 3-4. And fifth, that

Arrington relied on Graddy's advice that Swaffar did not have good title when it instructed the collecting bank not to pay Swaffar's drafts. Houghtling Aff. ¶ 8.

Swaffar responds with his own sworn testimony that Bennett's [Arrington's landman] viewing of the electronic assessment records constituted a verification of his title to the relevant parcels of real property. Swaffar Dep. 33:2-10 (Oct. 29, 2009). Swaffar argues that no further title search was permitted. Plaintiff's Response to Defendant's Second Motion for Summary Judgment, [Doc. No. 44], at 5. Swaffar also offers his prior leases of his mineral interests to other oil and gas companies as evidence that he holds good title. *Id.* at 18:9-23. Additionally, Swaffar provides a 1981 letter from an attorney stating his opinion that Swaffar held good color of title to his mineral interests in Faulkner County, that he adversely possessed the mineral estate for the requisite period of time, and that he may legally rent, lease, or dispose of his mineral rights. Clawson Letter, attached as Exhibit D to Plaintiff's Response to Defendant's Motion for Summary Judgment, [Doc. No. 30], at 2.

As stated above, a plaintiff cannot survive summary judgment by simply disputing the truth of the defendant's account. He must meet proof with proof to demonstrate that not only are material facts in dispute, but that the dispute is genuine. *See Hopkins v. Arkansas*, No. 4:05-CV-00873-JLH, at *2 (E.D. Ark. Oct. 12, 2007). Put simply, Swaffar has not shown how a reasonable juror could find that Arrington denied his draft for reasons other than good faith disapproval of title. First, Swaffar's assertion that Arrington had no right to examine his title prior to paying the draft is plainly incorrect. *See Trenthem v. David H. Arrington Oil*

*& Gas, Inc.*, No. 1:09-CV-00017-JLH, 2010 WL 545973, at *6-7 (E.D. Ark. Feb. 10, 2010). Second, while Swaffar's leases with other oil and gas companies might indirectly demonstrate the quality of his title to those interests, they are not probative as to whether Arrington acted in bad faith when it decided not to pay Swaffar's draft. Third, the letter stating an attorney's opinion that Swaffar holds fee title to certain mineral interests in Faulkner County goes to marketability of title. The issue, however, is not whether Swaffar's title is marketable, but whether Arrington's disapproval of Swaffar's title was "done in fraud or bad faith." *Id.* at *7. Arrington has put forth evidence that it denied the draft after being advised that Swaffar's title was void under the subjoinder doctrine. Swaffar has not responded with any evidence showing that Arrington acted in bad faith. Therefore, based on the failure of the condition precedent set forth in the draft, no contract was formed, and Arrington's motion for summary judgment on Swaffar's breach of contract claim is granted.

C.     Fraud

Arrington argues that Swaffar's fraud cause of action is time-barred. Although Swaffar does not respond, his amended complaint states that his claims are timely under section 16-56-111 of the Arkansas Code. That section applies to "actions to enforce written obligations, duties, or rights" and would therefore apply to Swaffar's contract claim. Ark. Code Ann. § 16-56-111 (LEXIS Repl. 2005). Swaffar's fraud claim, however, sounds in tort, not contract. The applicable statute of limitations for tort actions is set forth in section 16-56-105 of the Arkansas Code. That section provides that a fraud action must be brought within

8

three years. *Ripplemeyer v. Nat'l Grape Co-op Ass'n*, 807 F. Supp. 1439, 1450 (W.D. Ark. 1992) (citing *Burton v. Tribble*, 70 S.W.2d 503 (Ark. 1934)). The subject draft was marked unpaid and returned to the forwarding bank on May 10, 2006. Swaffar's original complaint was filed on June 24, 2009, more than one month beyond the period provided by the statute. Furthermore, no act of concealment could have tolled the statute because any possible fraud on the part of Arrington was in the inducement and would have been apparent to Swaffar the moment the draft was returned unpaid. Therefore, Arrington's motion for summary judgment on Swaffar's fraud claim is granted.

## CONCLUSION

Accordingly, Arrington's motion for summary judgment [Doc. No. 40] is granted and Swaffar's claims are dismissed with prejudice. Arrington's motion to strike [Doc. No. 46] is denied as moot.

IT IS SO ORDERED THIS 13th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE